UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEPHEN A. CHERRY,<br><br>                    Plaintiff,<br><br>    v.<br><br>SANDY FERALLY; ROBERT WHEILOR; ALAN STUART; IDOC CENTRAL OFFICE STAFF; and JOHN AND JANE DOES 1-10,<br><br>                    Defendants. | Case No. 1:23-cv-00546-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Stephen A. Cherry's initial complaint because of Plaintiff's status as an inmate and in forma pauperis request. Plaintiff has since filed an Amended Complaint. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the

following Order directing Plaintiff to file a second amended complaint if Plaintiff

intends to proceed.

## 1.      Standards of Law for Screening Complaints

A complaint must contain "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to

state a claim for relief under Rule 8 if the factual assertions in the complaint, taken

as true, are insufficient for the reviewing court plausibly "to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter

(taken as true) to suggest" that the defendant committed the unlawful act, meaning

that sufficient facts are pled "to raise a reasonable expectation that discovery will

reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556

(2007).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation

of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting

*Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case

should be dismissed for a failure to plead sufficient facts to support a cognizable

legal theory or for the absence of a cognizable legal theory. The critical inquiry is

whether a constitutional claim, however inartfully pleaded, has an arguable factual

*and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Moreover, even if a complaint meets the pleading requirements, dismissal under §§ 1915 and 1915A is still appropriate if an affirmative defense is an "obvious bar to securing relief on the face of the complaint." *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

## 2.     Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC"), currently incarcerated in Arizona. Plaintiff's claims in this action relate to two civil rights cases that Plaintiff filed in the U.S. District Court for the Western District of Texas. *See Am. Compl.*, Dkt. 12 at 2–3; 12-2 at 1; 12-3 at 1–2; 12-4 at 1–3; 12-5 at 1–2; 12-6 at 1–3.[1]

Plaintiff filed those two cases in forma pauperis, and he was required to submit to the court a trust fund account statement in support of the in forma pauperis request. Plaintiff asked Defendants Weilor and Stuart several times to

---

[1] Plaintiff's Amended Complaint is improperly interspersed with exhibits and was not filed in correct paginated order. Therefore, the Court refers to the electronically-generated ECF docket and page numbers of the Amended Complaint, rather than Plaintiff's own pagination.

send the statements to the court in both cases, but they did not do so. As a result,

Plaintiff's civil rights cases were dismissed.

Plaintiff claims that Weilor and Stuart violated his right to access the courts

by failing send the necessary paperwork to the court in his two civil rights cases.

Plaintiff also claims that Defendant Ferally, as a supervisor, failed to ensure that

Weilor and Stuart sent the paperwork. Finally, Plaintiff attempts to name

unidentified individuals and "IDOC Central Office (Staff)" as Defendants.

## 3.    Discussion

Plaintiff has not stated a claim upon which relief may be granted. The Court

will, however, grant Plaintiff 28 days to file a second amended complaint. Any

such complaint should take into consideration the following.

### A.    *Standards of Law*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To

state a plausible civil rights claim, a plaintiff must allege a violation of rights

protected by the Constitution or created by federal statute proximately caused by

conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d

1418, 1420 (9th Cir. 1991).

Prison officials generally are not liable for damages in their individual

capacities under § 1983 unless they personally participated in the alleged

constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see*

*also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in conduct showing "a reckless or callous indifference to the rights of others." *Id*. at 1205-09 (internal quotation marks omitted).

A claim that a supervisor or training official failed to adequately train subordinates ordinarily requires that, "in light of the duties assigned to specific officers or employees[,] the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that

the [supervisor or training official] can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). That is, to maintain a failure-to-train claim, a plaintiff must allege facts showing a "pattern of violations" that amounts to deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 72 (2011).

Likewise, "a failure to supervise that is sufficiently inadequate may amount to deliberate indifference" that supports a § 1983 claim, but there generally must be a pattern of violations sufficient to render the need for further supervision obvious. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks omitted). That is, if a supervisory or training official had "knowledge of the unconstitutional conditions" through such a pattern of violations—including knowledge of the "culpable actions of his subordinates"— yet failed to act to remedy those conditions, that official can be said to have acquiesced "in the unconstitutional conduct of his subordinates" such that a causal connection between the supervisor and the constitutional violation is plausible. *Starr*, 652 F.3d at 1208.

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and

Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

Prisoners have a right to access the courts under the First and Fourteenth Amendments. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, because the right of access to the courts is not an "abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

To state a viable access-to-courts claim, a plaintiff must plausibly allege that he suffered an actual injury as a result of the defendant's actions. *Lewis*, 518 U.S. at 349. Actual injury may be manifest if the alleged denial of access "hindered [the plaintiff's] efforts to pursue a legal claim," such as having his complaint dismissed "for failure to satisfy some technical requirement," or if he "suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by [the defendants' actions] that he was unable even to file a complaint." *Id.* at 351.

The Constitution does not require that inmates "be able to conduct generalized research," nor does it "guarantee inmates the wherewithal to transform themselves into litigating engines." *Id*. at 355, 360. Rather, the right of access to the courts requires only that inmates "be able to *present* their grievances to the courts—a more limited capability that can be produced by a much more limited

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

degree of legal assistance." *Id*. at 360 (emphasis added). That is, there is no

constitutional right for a prisoner to be able "to litigate effectively once in court."

*Id*. at 354 (emphasis omitted). Moreover, a plaintiff cannot state an access to courts

claim by alleging that a negligent act by a government official caused the actual

injury of which the plaintiff complains. *Krug v. Lewis*, 852 F.2d 571 (Table), 1988

WL 74699, *1 (9th Cir. July 6, 1988) ("While prisoners have a due process right of

access to the courts, the negligent act of a public official does not violate that

right.") (unpublished) (citing *Daniels v. Williams*, 474 U.S. 327, 333 (1986)).

The right of access to the courts is limited and applies only to direct appeals

from convictions for which the inmates are incarcerated, habeas petitions, and civil

rights actions regarding prison conditions. *Lewis*, 518 U.S. at 354-55; *Silva v. Di

Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011) ("[P]risoners have a right under the

First and Fourteenth Amendments to litigate claims challenging their sentences or

the conditions of their confinement to conclusion without active interference by

prison officials.") (emphasis omitted), *abrogated on other grounds by Coleman v.

Tollefson*, 135 S. Ct. 1759 (2015). "Impairment of any other litigating capacity is

simply one of the incidental (and perfectly constitutional) consequences of

conviction and incarceration." *Lewis*, 518 U.S. at 355 (emphasis omitted).

Claims of denial of access to the courts may arise from the frustration or

hindrance of "a litigating opportunity yet to be gained" (a forward-looking access

INITIAL REVIEW ORDER BY SCREENING JUDGE - 8

claim) or from the loss of a suit that now cannot be pursued (a backward-looking access claim). *Christopher v. Harbury*, 536 U.S. 403, 413–15 (2002). A complaint alleging a denial of access to the courts must plausibly allege that the plaintiff suffered, or will suffer, the loss of a past or present litigating opportunity. The plaintiff must assert facts supporting three elements: (1) official acts that frustrated the inmate's litigation activities; (2) the loss (or expected loss) of a "nonfrivolous" or "arguable" underlying claim that must be set forth in the federal complaint, including the level of detail necessary "as if it were being independently pursued"; and (3) that the remedy sought through the access to courts claim is not otherwise available in another suit that could be brought. *Id.* at 415–17.

Plaintiff's Amended Complaint does not state a plausible access-to-courts claim because it contains no allegations describing the claims that were allegedly lost as a result of Defendants' failure to file the necessary trust fund account statements. As the Supreme Court explained in *Christopher*, the underlying claim that cannot now be asserted is an element that must be described in the complaint "just as if" the claim were being raised for the first time without an access-to-courts issue. *Id*. at 417.

Plaintiff should keep the above legal standards in mind if he intends to file a second amended complaint.

4.      **Standards for Second Amended Complaint**

If Plaintiff chooses to further amend the complaint, Plaintiff must

demonstrate how the actions complained of have resulted in a deprivation of his

constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980),

*abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must

also allege a sufficient causal connection between each defendant's actions and the

claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740,

743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in

civil rights violations are not sufficient to withstand a motion to dismiss" or to

survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of*

*Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678

("Nor does a complaint suffice if it tenders naked assertions devoid of further

factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state

the following: (1) the name of the person or entity that caused the alleged

deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a

state actor (such as state employment or a state contract) or a private entity

performing a state function; (3) the dates on which the conduct of the defendant

allegedly took place; (4) the specific conduct or action Plaintiff alleges is

unconstitutional; (5) the particular constitutional or statutory provision Plaintiff

alleges has been violated; (6) facts alleging the elements of the violation are met;

(7) the injury or damages Plaintiff personally suffered; and (8) the particular type

of relief Plaintiff is seeking from each defendant.

Further, any second amended complaint must contain all of Plaintiff's

allegations in a single pleading and cannot rely upon, attach, or incorporate by

reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any

amendment to a pleading, whether filed as a matter of course or upon a motion to

amend, must reproduce the entire pleading as amended. The proposed amended

pleading must be submitted at the time of filing a motion to amend."); *see also*

*Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended

complaint supersedes the original, the latter being treated thereafter as non-

existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693

F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner &*

*Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred

by entering judgment against a party named in the initial complaint, but not in the

amended complaint). Plaintiff may not file any additional exhibits with any second

amended complaint.

Plaintiff must set forth each different factual allegation in a separate,

numbered paragraph. The second amended complaint must be legibly written or

typed in its entirety, and it should be clearly designated as the "Second Amended

INITIAL REVIEW ORDER BY SCREENING JUDGE - 11

Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1.    The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file a second amended complaint as described above. If Plaintiff does so, Plaintiff should file (along with the amended complaint) a "Motion to Review the Second Amended Complaint." Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[2]

2.    If Plaintiff does not file a timely second amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon which relief may be granted, failure to prosecute,

---

[2] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 12

or failure to comply with a Court order. *See* 28 U.S.C. §§ 1915 and 1915A; Fed. R. Civ. P. 41(b).

3.    Because an amendment is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Amended Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in a second amended complaint.

DATED: August 7, 2024

B. Lynn Winmill
U.S. District Court Judge