UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEPHEN A. CHERRY,<br><br>        Plaintiff,<br><br>v.<br><br>IDOC; SANDY PERALLY; ROBERT WHEELER; ALAN STUART; and JOHN AND JANE DOES 1-10,<br><br>        Defendants. | Case No. 1:23-cv-00546-BLW<br><br>**ORDER OF DISMISSAL** |

      Plaintiff Stephen A. Curry is a prisoner in the legal custody of the Idaho Department of Correction and is currently incarcerated in Eloy, Arizona. On January 8, 2024, the Court issued a Notice of Noncompliance with General Order 342 and Order to Amend. *See* Dkt. 5. That Order informed Plaintiff that his 69-page initial complaint violated General Order 342, which—among other things—limits prisoner civil rights complaints to 20 pages.

      After the Court granted Plaintiff's three motions for extensions of time, Plaintiff filed an amended complaint that complied with General Order 342. *See* Dkt. 12. The Court screened the amended complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that the amended complaint failed to state a claim upon

ORDER OF DISMISSAL - 1

which relief could be granted, and gave Plaintiff an opportunity to file a second amended complaint. *See* Dkt. 13.

The Court granted Plaintiff's two additional motions for extensions of time to file a second amended complaint. *See* Dkt. 18, 20. Plaintiff has now filed his second amended complaint.

However, the second amended complaint, which is 32 pages long, once again violates General Order 342. Plaintiff was well aware of the Court's 20-page limitation, and Plaintiff was previously warned that failure to comply with that limitation would result in dismissal. *See* Dkt. 5.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's Motion to Review the Second Amended Complaint (Dkt. 21) is DENIED.

2. This case is DISMISSED with prejudice for failure to comply with subsection A of General Order 342. *See* Fed. R. Civ. P. 41(b); *Williams v. Stewart*, 830 F. App'x 904 (9th Cir. Dec. 9, 2020) (per curiam) (unpublished) (upholding dismissal with prejudice for failure to comply with General Order 342); *see also Wolf v. Idaho State Bd. of Correction*, No. 20-35600, 2021 WL 3721434, at *2 (unpublished) (9th Cir. Aug. 23, 2021) ("The district court did not abuse its discretion in striking the Second Amended Complaint because

[Plaintiff] failed to comply with the 20-page limit for pro se prisoner complaints in civil rights cases set forth in Idaho General Order No. 342 and required by the court's previous order…. The district court did not abuse its discretion in dismissing the action with prejudice because [Plaintiff] failed to comply with the page limit required by the court's previous order.").

3. Plaintiff's most recent application to proceed in forma pauperis (Dkt. 23) is MOOT, as Plaintiff has already been granted in forma pauperis status.

DATED: January 27, 2025

_____
B. Lynn Winmill
U.S. District Court Judge